IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and <br> ABBOTT RESPIRATORY LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> WATSON PHARMACEUTICALS, INC., <br> WATSON LABORATORIES, INC. - FLORIDA, <br> and <br> WATSON PHARMA, INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 11-251-SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATION AND ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS WATSON PHARMACEUTICALS, INC. AND WATSON PHARMA, INC. AND AMENDING CAPTION TO REFLECT SAME**

This stipulation is made by and between (i) Abbott Laboratories and Abbott Respiratory LLC (collectively, "Plaintiffs"); and (ii) Watson Pharmaceuticals, Inc. ("Watson Pharmaceuticals"), Watson Laboratories, Inc. - Florida ("Watson Labs Florida"), and Watson Pharma, Inc. ("Watson Pharma") (collectively, "Defendants").

WHEREAS, Plaintiffs filed suit against Defendants in the above-captioned case (the "Action");

WHEREAS, Watson Pharmaceuticals and Watson Pharma maintain that they are not proper defendants in the Action;

WHEREAS, Plaintiffs disagree with the positions of Defendants stated above; and

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that Plaintiffs and Defendants wish to avoid by entering into this stipulation;

NOW THEREFORE, Plaintiffs and Defendants, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Watson Pharmaceuticals and Watson Pharma, including all affiliates and subsidiaries thereof, (collectively "WATSON PHARMACEUTICALS AND PHARMA") agree to be bound by any judgment or order, including any injunction, rendered as to Watson Labs Florida in the Action (including appeals) as if they were named defendants.

2. WATSON PHARMACEUTICALS AND PHARMA agree that, to the extent they have in their possession, custody or control information that would be discoverable in the Action were they to remain as parties to the Action, they will search for and provide such discovery to Watson Labs Florida, and Watson Labs Florida will produce such discovery in response to discovery requests served on Watson Labs Florida in the Action as if it was its own. Plaintiffs may depose employees of WATSON PHARMACEUTICALS AND PHARMA by serving deposition notices on Watson Labs Florida, without need for service of subpoenas. Watson Labs Florida will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by WATSON PHARMACEUTICALS AND PHARMA and the witness presented in response thereto shall investigate information in the possession, custody, or control of WATSON PHARMACEUTICALS AND PHARMA. WATSON PHARMACEUTICALS AND PHARMA further agree to be bound by resolution of discovery matters in this Action. For clarity, this paragraph does not constitute a waiver of any objections or defenses to the provision of discovery that are available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

3. Watson Labs Florida agrees that it will not contest personal jurisdiction for purposes of the Action and, as such, will not move to dismiss the Action on grounds that the District Court for the District of Delaware lacks jurisdiction over Watson Labs Florida for purposes of the Action. Watson Labs Florida also agrees that it will not contest venue in the District of Delaware in the Action and, as such, will not move to change the venue of the Action. Watson Labs Florida further agrees that it will provide in the Action such discovery from WATSON PHARMACEUTICALS AND PHARMA as agreed to by them in paragraph 2 above.

4. Plaintiffs hereby dismiss without prejudice Defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc., pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

5. The terms of this stipulation are made without prejudice to the respective positions of Plaintiffs and Defendants as to whether Watson Pharmaceuticals and Watson Pharma are proper defendants in the Action. The terms of this stipulation also cannot be used by Plaintiffs or Defendants to argue for or against jurisdiction in the future.

6. The case caption for the Action should be amended to remove Watson Pharmaceuticals, Inc. and Watson Pharma, Inc., as follows:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES and ABBOTT RESPIRATORY LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WATSON LABORATORIES, INC. - FLORIDA, | ) ) |
| Defendant. | ) |

Civil Action No. 11-251-SLR

DATED: April 21, 2011

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP |
| */s/ Erich W. Struble* | */s/ Karen E. Keller* |
| Mary B. Graham (#2256)<br>Erich W. Struble (#5394)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>mgraham@mnat.com | John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington , DE 19899-0391<br>(302) 571-6600<br>kkeller@ycst.com |
| *Of Counsel*: | *Of Counsel*: |
| William F. Lee<br>Hollie L. Baker<br>Vinita Ferrera<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000 | Christopher J. Sorenson<br>MERCHANT & GOULD PC<br>3200 IDS Center<br>80 S. Eighth Street<br>Minneapolis, MN  55402<br>(612) 332-5300 |
| *Attorneys for Abbott Laboratories and Abbott Respiratory LLC* | Shane A. Brunner<br>Edward J. Pardon<br>MERCHANT & GOULD PC<br>3200 IDS Center<br>10 East Doty Street, Suite 600<br>Madison, WI 53703<br>(608) 280-6750 |
| | *Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Laboratories, Inc. - Florida and Watson Pharma, Inc.* |

It is SO ORDERED, this \_\_\_\_ day of April, 2011.

_____
United States District Judge